UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALVAH T. WICKBOLDT,

      Petitioner,

v.                              Case No.  3:16cv217/MCR/CJK

JULIE JONES,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record.  (Doc. 17).  Petitioner has responded in opposition to dismissal.  (Doc. 21).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## xBACKGROUND AND PROCEDURAL HISTORY

Petitioner, arrested July 19, 2010, was charged by information filed in Escambia County Circuit Court Case No. 10-CF-3218, with promoting sexual performance by a child (Count 1), transmitting pornography (Count 2) and possessing photos, motion pictures, etc. which include sexual conduct by a child (Count 3). (Doc. 17, Ex. A (information); Ex. X (state court docket)).[1] On July 29, 2010, petitioner posted two $50,000 cash appearance bonds to guarantee his appearance in court. (Exs. B, C). On June 27, 2011, a capias was issued for petitioner's failure to appear. (Ex. D). That same day, the Clerk of Court for Escambia County filed for estreat of both bonds based on petitioner's failure to appear. (Exs. E, F). Petitioner was apprehended in Virginia in January 2012. (Ex. J, p. 4). The State filed an amended information on March 27, 2012, adding a second charge of possessing photos, motion pictures, etc. which include sexual conduct by a child (Count 5) and a charge of felony failure to appear. (Ex. G).

On September 9, 2012, petitioner executed a written plea form, titled "Sentence Recommendation", in which he entered a counseled, negotiated plea of no contest to Counts 1, 2, 3 and 5 as charged. (Ex. H). Count 4 was nolle prossed.

---

[1] All references to exhibits are to those provided at Doc. 17.

(*Id.*). Following a plea colloquy, the court accepted petitioner's plea, adjudicated him guilty of Counts 1, 2, 3 and 5, and sentenced petitioner in accordance with the plea agreement to a total term of 74.4 months imprisonment. (Ex. H (written plea agreement); Ex. I (judgment and sentence)). Judgment was rendered September 11, 2012. (Ex. I). Petitioner did not take a direct appeal. (Ex. X (state court docket)).[2]

On October 1, 2012, petitioner's power of attorney Covia Davis filed a Petition for Remission of Bond Forfeiture pursuant to Fla. Stat. § 903.28, seeking the return of $88,609.35 of petitioner's $100,000.00 cash bond. (Ex. J). The Clerk of Court for Escambia County filed an objection to the petition. (Ex. K). The trial court denied the petition on October 29, 2012. (Ex. L). The order was not appealed. (Ex. X).

On October 30, 2012, petitioner filed a *pro se* motion for reduction or modification of sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). (Ex. V). The state circuit court denied the motion on December 13, 2012. (Ex. W).

---

[2] Although petitioner states on the petition form that he appealed from his judgment of conviction, (doc. 1, p. 2), the state court docket does not reflect the filing of a notice of appeal from the judgment. (Doc. 17, Ex. X). The Florida First District Court of Appeal case number petitioner identifies as his direct appeal (D13-5516), was not a direct appeal, but rather an appeal from the state circuit court's order (rendered October 1, 2013) dismissing petitioner's "Petition for Remission of Bond" filed on February 4, 2013. (*See* Exs. M-S). The proceedings on that petition are discussed in more detail below.

On February 4, 2013, petitioner personally filed a *pro se* Petition for Remission of Bond pursuant to Fla. Stat. § 903.28, again seeking remission of $88,609.35 of the bond forfeiture. (Ex. M). The Clerk of Court for Escambia County filed an objection to the petition. (Ex. N). The state circuit court dismissed the petition on October 1, 2013. (Ex. Q). Petitioner appealed. (Ex. R). The appeal was assigned First District Court of Appeal (First DCA) Case No. 1D13-5516. (Ex. S). The First DCA affirmed the dismissal on March 24, 2014, per curiam and without a written opinion. *Wickboldt v. Escambia Cnty. Clerk of Court and Comptroller*, 134 So. 3d 958 (Fla. 1st DCA 2014) (Table) (copy at Ex. T). The mandate issued May 27, 2014. (Ex. U).

On March 17, 2015, petitioner filed a *pro se* petition for writ of mandamus in the state circuit court, seeking to compel the Escambia County Clerk of Court to "make remission of funds forfeited upon violation of cash bond." (Ex. X, pp. 1, 5). The circuit court dismissed the petition on July 10, 2015. (Ex. X, pp. 50-51). Petitioner filed a notice of appeal and a petition for writ of certiorari in the First DCA. (Ex. X, pp. 68-69; Ex. Y). The proceeding was assigned First DCA Case No. 1D15-4048. The First DCA struck the certiorari petition and granted petitioner leave to file an initial brief. (Ex. Z). The State moved to be removed as a party to the case as the proper appellee was the Escambia County Clerk of Court. (Ex. BB). The

First DCA granted the State's motion and restyled the case with the Escambia County Clerk of Court as the appellee. (Ex. EE). The First DCA affirmed the lower court's dismissal order on April 1, 2016, per curiam and without a written opinion. *Wickboldt v. Clerk of Court, Escambia Cnty.*, 189 So. 3d 766 (Fla. 1st DCA 2016) (Table) (copy at Ex. II). The mandate issued April 27, 2016. (Ex. JJ).

Petitioner filed his federal habeas petition on May 19, 2016. (Doc. 1). Respondent moves to dismiss the petition as time-barred. (Doc. 17).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Petitioner did not appeal from his judgment of conviction.  Accordingly, petitioner's judgment became final for purposes of § 2244(d)(1)(A), on October 11, 2012, which is 30 days after rendition of the September 11, 2012, judgment.  *See* Fla. R. App. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence.");

*see also* Fla. R. App. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that if a defendant does not appeal his conviction or sentence, his judgment of conviction becomes final when the 30-day period for filing a direct appeal expires); *see also Gonzalez v. Thaler*, 565 U.S. 134, 149-150, 154, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012) (holding that if a state prisoner does not pursue the highest level of review available to him in the state court system, he is not entitled to the additional 90 days for seeking certiorari review in the Supreme Court of the United States).

The limitations period began to run the following day, on October 12, 2012, and expired one year later on October 12, 2013, absent tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period (applying Fed. R. Civ. P. 6(a)(1))); *McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the anniversary of the date it began to run). The limitations period was not statutorily tolled, because petitioner had no "application for State post-conviction or

other collateral review" pending between October 12, 2012, and October 12, 2013.
*See* 28 U.S.C. § 2244(d)(2).

None of petitioner's three petitions seeking the return of his forfeited cash
bond (i.e., his petitions for "remission" of the bond and his mandamus petition)
statutorily tolled the limitations period, because they were not direct requests for
judicial review of petitioner's criminal judgment, did not provide the state court with
authority to order relief from petitioner's judgment, and, therefore, are not
considered applications for "collateral review" within the meaning of § 2244(d)(2).
As the Eleventh Circuit explained in *Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d
1137, (11th Cir. 2015):

> "Collateral review" is "a judicial reexamination of a judgment or
> claim in a proceeding outside of the direct review process." *Wall v.
> Kholi*, — U.S. —, 131 S. Ct. 1278, 1285, 179 L. Ed. 2d 252 (2011). In
> *Wall v. Kholi*, the Supreme Court ruled that a motion to reduce sentence
> under Rhode Island law is an application for collateral review that
> triggers the tolling provision of the Act. *Id.* at 1287. The Supreme
> Court reasoned that the phrase "collateral review" does not refer only
> to proceedings that challenge the "lawfulness" of a prior judgment. *Id.*
> Kholi's motion to reduce sentence triggered a proceeding that was both
> "collateral" and a "review" of the sentence, *id.* at 1286-87, because it
> was "not part of the direct review process," *id.* at 1286, required a judge
> "to determine whether a more lenient sentence is proper," *id.*, and
> allowed that judge to "disturb the trial justice's decision," *id.* at 1285.
> The Court distinguished a motion to reduce sentence from "a motion
> for post-conviction discovery or a motion for appointment of counsel,
> which generally are not direct requests for judicial review of a judgment
> and do not provide a state court with authority to order relief from a
> judgment." *Id.* at 1286 n. 4; *see also Brown v. Sec'y for the Dep't of*

> *Corrs.*, 530 F.3d 1335, 1337 (11th Cir.2008) (holding that a post-conviction motion for DNA testing was not an "application for post-conviction or other collateral review" (*citing* 28 U.S.C. § 2244(d)(2))).

*Id*. at 1140-41. The court in *Espinosa* went on to hold that a petition for belated postconviction appeal does not qualify as an application for collateral review under § 2244(d)(2), because, under Florida law, it "does not reach the merits of the anticipated appeal or the validity of the order to be appealed." *Id*. at 1141 (*quoting Jones v. State*, 922 So. 2d 1088, 1090 (Fla. 4th DCA 2006)); *see also Danny v. Sec'y, Fla. Dep't of Corr*., 811 F.3d 1301, 1302 (11th Cir. 2016) (holding that a petition for a belated direct appeal, under Fla. R. App. P. 9.141(c), does not qualify as an application for State collateral review under § 2244(d)(2) and does not toll the limitations period).

The same is true of petitioner's motion for reduction or modification of sentence filed under Fla. R. Crim. P. 3.800(c). The Eleventh Circuit has held that a Rule 3.800(c) motion does not qualify as an "application for State . . . collateral review" within the meaning of § 2244(d)(2), and does not toll the statute of limitations. *Alexander v. Sec'y, Dep't of Corr*., 523 F.3d 1291, 1297 (11th Cir. 2008) (holding that a Florida prisoner's Fla. R. Crim. P. 3.800(c) motion was a request to reduce a legal sentence based on mercy or leniency and did not constitute an "application for State post-conviction or other collateral review with respect to the

pertinent judgment" under § 2244(d)(2)); *Baker v. McNeil*, 439 F. App'x 786, 787-789 (11th Cir. 2011) (same). The issue, however, is currently pending review in the Eleventh Circuit. *See Rogers v. Sec'y, Dep't of Corr.*, No. 4:14cv62/MW/GRJ, 2015 WL 3407439 (N.D. Fla. May 26, 2015), *certificate of appealability granted*, No. 15-12880 (11th Cir. Dec. 23, 2015). Petitioner's petition, filed over 2½ years after his limitations period expired on October 12, 2013, is time-barred.[3]

The court rejects petitioner's argument that "[o]nly when all state court remedies were exhausted, did the clock start with reference to the 1 year statute of limitations." (Doc. 21, p. 2). This court must construe a statute in a manner consistent with Congressional intent, the most persuasive evidence of which is the wording of a statute. *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543, 60 S. Ct. 1059, 84 L. Ed. 1345 (1940) ("There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes."); *Merritt v. Dillard*, 120 F.3d 1181, 1185 (11th Cir. 1997) ("In construing a statute we must begin, and often should end as well, with the language of the statute itself."). Section 2244(d)(1) enumerates four events which affect the commencement of the limitations period. The completion

---

[3] Even if the court assumed to petitioner's benefit that his Rule 3.800(c) motion qualified for statutory tolling of the limitations period under § 2244(d)(2), this petition would nevertheless be untimely. Petitioner's Rule 3.800(c) proceeding was pending only 44 days, until December 13, 2012.

or exhaustion of state court remedies is not one of those events. Although particular state postconviction proceedings may affect the <u>tolling</u> of the limitations period, they do not affect its <u>commencement</u>. *See, e.g., Payton v. Brigano*, 256 F.3d 405 (6th Cir. 2001) (holding that limitations period for state prisoner to file federal habeas petition began to run on date prisoner's conviction became final by conclusion of direct review, not on date he exhausted all state postconviction remedies).

## CONCLUSION

Petitioner's federal habeas petition is untimely. Petitioner does not assert, nor does the record suggest, that he is entitled to equitable tolling or any exception to the limitations bar. Petitioner's failure to timely file his petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, — L. Ed. 2d — (Feb. 22, 2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should

issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 17) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Alvah Tyson Wickboldt*, Escambia County Circuit Court Case No. 10-CF-3218, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 13th day of April, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.